IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RESTORATION HARDWARE, INC.,** *et al.*,       **Plaintiffs,** <br><br> v. <br><br> **BUNGALOW HOME, LLC.,** <br><br>      **Defendant.** | Case No. 2:19-cv-4978 <br><br> Chief Judge Algenon L. Marbley <br><br> Chief Magistrate Judge Deavers |

### OPINION & ORDER

This matter is before the Court on Plaintiffs' Restoration Hardware, Inc. and RH US, LLC., (collectively "RH"), Motion to Dismiss Defendant's Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20). RH asks this Court to dismiss all five of the Defendant's counterclaims for failure to state a claim upon which relief may be granted. For the reasons set forth herein, RH's Motion is **GRANTED in part** and **DENIED in part**.

### I.     BACKGROUND

Plaintiff Restoration Hardware, Inc., is a Delaware corporation whose principal place of business is located in Corte Madera, California. (ECF No. 1 ¶ 2). Plaintiff RH US, LLC., is a Delaware limited liability company with its principal place of business is also located in Corte Madera, California. (*Id.* ¶ 3). RH is a luxury brand in the home furnishing market that designs, manufactures and sells a variety of home furnishings, including furniture, lighting, bed, bath, hardware and other products. (*Id.* ¶ 8). RH has used the brand BUNGALOW in connection with the sale of home furnishings including furniture, lighting, bed, bath, hardware, and other products since at least 1995. (*Id.* ¶ 11). RH also has ten federal registrations for the BUNGALOW mark. (*Id.* ¶ 12).

1

Defendant Bungalow Home, LLC., is an Ohio limited liability company with its principal place of business in Columbus, Ohio. (ECF No. 14 ¶ 7). Bungalow Home sells furniture and provides design and decorating services to clients for use at their homes and businesses through their physical retail locations and online. (*Id.* ¶¶ 9,10). Since 2015, Bungalow Home has used bungalowhome.com to facilitate online sales, marketing, blogging and all things associated with the sale of home furnishings. (*Id.*).

On November 11, 2019, RH filed suit alleging trademark infringement and unfair competition arising from the Bungalow Home's use of the BUNGALOW mark in commerce in connection with the marketing, sale and distribution of home furnishings that it alleges were substantially similar to those offered by RH under its BUNGALOW mark. (ECF No. 1 ¶ 1). On December 27, 2019, Bungalow Home filed their answer to RH's complaint which included five counterclaims. (ECF No. 14). Counts One, Two, and Three of Bungalow Home's counterclaims were for Declaratory Judgment of Non-Violation, Count Four was for Declaratory Judgement of Non-Infringement, and Count Five was Unfair Competition. (*Id.*). Plaintiff now move to dismiss all of Defendant's counterclaims for failure to state a claim. (ECF No. 20).

## II.     STANDARD OF REVIEW

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) for failure to state a claim "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegation." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). The court must construe the claim in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430,434 (6th Cir. 2008). The Court cannot dismiss a claim for failure to state a claim

"unless it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). This Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim bears facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (2009).

### III. ANALYSIS

#### A. Counterclaims Counts 1-4 – Declaratory Judgment

RH argues that Defendant's declaratory judgment counterclaims for non-violation and noninfringement should be dismissed because they are "mirror images" of RH's claims, and "involve the same factual and legal issues" as RH's claims. (ECF No. 20 at 4). Bungalow Home responds that counterclaims should not be dismissed when a counterclaim questions the validity of a trademark or copyright. (ECF No. 23 at 3-4).

A counterclaim can be dismissed for redundancy when "there is a complete identity of factual and legal issues between the complaint and the counterclaim." *Malibu Media, LLC v. Doe*, No. 2:14-CV-821, 2015 WL 471010, at *1 (S.D. Ohio Feb. 4, 2015) (quoting *Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Tr.*, 674 F.Supp.2d 562 (D. Del. 2009)). If defendant's counterclaim is for a judgment declaring the plaintiff's intellectual property invalid, the counterclaim is not considered redundant because only adjudicating on plaintiff's infringement claim could leave defendant in fear of future actions. *Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 175 (6th Cir. 1942). Consistent with the Sixth Circuit's holding in

*Dominion*, district courts within this Circuit have held that declaratory judgment counterclaims for non-infringement and invalidity are sufficient independent claims to survive dismissal under Rule 12(b)(6). See *Am. Energy Corp. v. Am. Energy Partners, LP*, No. 2:13-CV-886, 2015 WL 881519, at *3 (S.D. Ohio Mar. 2, 2015) (the Court does not strike counterclaims "if they serve a useful purpose," and determining the validity of a trademark serves such a purpose); See also *Riding Films, Inc. v. White*, No. 2:13–CV–00046, 2014 WL 3900236, at 3 (S.D. Ohio Aug. 11, 2014) (finding that defendant was entitled to bring counterclaims for declaratory judgment because it "provided factual allegation to support a plausible claim that Plaintiff's copyright [was] invalid" when it alleged that plaintiff was not the rightful owner of the disputed copyright).

Bungalow Home claims that: (1) the alleged mark is generic; (2) the alleged mark lacks distinctiveness and secondary meaning; (3) the alleged mark has not been subject to bona fide use and/or has been abandoned; (4) the alleged mark is invalid due to unclean hands and non-use in the ordinary course of trade or commerce; (5) the alleged mark was defectively assigned and/or assigned in an untimely way; and (6) the alleged mark is subject to the defenses listed in 15 U.S.C. §1115. (ECF No. 14 at 4, 5, 8, 9). This Court recognizes that if Bungalow Home receives a noninfringement verdict, their allegation of an invalid trademark against RH would not necessarily be adjudicated. Furthermore, by allowing the counterclaims, the public can be made aware of whether RH has a valid trademark for the BUNGALOW mark. See *Am. Energy Corp.*, 2015 WL 881519, at *3 (S.D. Ohio Mar. 2, 2015). Therefore, the Court finds Defendant has sufficiently alleged that RH's BUNGALOW mark is invalid to survive the dismissal of Counterclaims 1-4 for declaratory judgment.

### B. Counterclaim Count 5 – Unfair Competition

In Count 5 of Defendant's counterclaims, Defendant alleges that RH engaged in unfair competition in violation of Ohio common law. (ECF No. 14 at 11-12). Plaintiff RH argues that Bungalow Home's unfair competition claim should be dismissed because it fails plausibly to plead that RH's litigation is objectively baseless. (ECF No. 20 at 8). Plaintiff also maintains it is shielded from liability by the *Noerr-Pennington* doctrine. (*Id.* at 7).

"Ohio common law recognizes a claim for unfair competition based on malicious litigation." *Ashley Furniture Indus., Inc. v. Am. Signature, Inc.*, No. 2:11-CV-427, 2015 WL 12999664, at *3 (S.D. Ohio Mar. 12, 2015) (quoting *All Metal Sales, Inc. v. All Metal Source, LLC*, No. 1:10-cv-2343, 2011 WL 867020, at *2 (N.D. Ohio Mar. 11, 2011)). "To successfully establish an unfair competition claim based upon legal action, a party must show that the legal action is objectively baseless and that the opposing party had the subjective intent to injure the party's ability to be competitive." *Id.* (quoting *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St. 3d 366, 367 (Ohio Sup. Ct. 2012)).

The *Noerr-Pennington* doctrine provides private parties with immunity from anti-trust liability when they are petitioning for government action. *See Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *Mine Workers v. Pennington*, 381 U.S. 657 (1965). Courts, including the Sixth Circuit, have extended the *Noerr-Pennington* doctrine to anti-competition claims in trademark cases, such that trademark owners are protected against anti-competition claims that arise from their use of legal proceedings to enforce their rights. *See Campbell v. PMI Food Equip. Gp., Inc.*, 509 F.3d 776, 790 (6th Cir. 2007) ("[a]lthough the *Noerr-Pennington* doctrine was initially recognized in the antitrust field, the federal courts have by analogy applied it to claims brought under both state and federal laws, including common law

5

claims of tortious interference"). The doctrine contains a narrow exception in which immunity does not apply to sham lawsuits filed for the purpose of interfering with competition. *Ashley Furniture Indus.,* 2015 WL 12999664, at *4 (citing *Static Control Components, Inc. v. Lexmark Intern., Inc.*, 697 F.3d 387, 408 (6th Cir. 2012)). To constitute sham litigation, "the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Prof'. Real Estate Investors, Inc. v Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-62 (1993) (quoting *Noerr*, 365 U.S. at 144); *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 380 (1991).

Both Ohio common law of unfair competition and the *Noerr-Pennington* exception from immunity require this Court to assess whether the lawsuit filed against Defendant is objectively baseless. *Ashley Furniture Indus.,* 2015 WL 12999664, at *4 ("[a]n Ohio common law claim of unfair competition based on the filing of a sham lawsuit requires the party advancing the claim to plausibly plead that the lawsuit was objectively baseless… Similarly, a claimant must show the lawsuit against it was objectively baseless in order to defeat *Noerr-Pennington* immunity under the sham litigation exception"). Thus, the Court "must examine whether [Defendant] has adequately pleaded [Plaintiffs'] lawsuits are objectively baseless in connection with both grounds for dismissal." *Id.*

This Court finds that RH, as the owner of ten federal trademark registrations for the BUNGALOW mark, had a good faith basis to file suit for trademark infringement. *See Ancestry.com Operations, Inc. v. DNA Diagnostics Ctr., Inc.*, No. 1:15-CV-737, 2016 WL 3999315, at *4 (S.D. Ohio July 26, 2016) (finding that Ancestry filed suit in good faith due to its belief that defendant was using its registered mark in advertisements causing brand confusion for customers). Bungalow Home has not pled facts sufficient plausibly to infer that a reasonable

litigant, in RH's position, would not expect a favorable outcome in a trademark suit where the litigant owned multiple federal trademark registrations for the alleged infringed on mark. *See id.* Thus, Bungalow Home fails to demonstrate the lawsuit RH filed against it was objectively baseless. Because Bungalow Home has failed to state a claim under Ohio's unfair competition doctrine and, for the same reasons, cannot show RH's lawsuit falls into the narrow "sham litigation" exception to the *Noerr-Pennington* immunity doctrine, Bungalow Home's unfair competition claim is hereby dismissed.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Restoration Hardware, Inc.'s and RH US, LLC., Motion to Dismiss Defendant's Counterclaims is **GRANTED in part** with respect to Count Five and **DENIED in part** with respect to Counts One through Four. Count Five of Defendant's Counterclaims is hereby **DISMISSED.**

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: August 3, 2020**